

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| MARTHA ANN WYATT BROWN, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 7:08-817-HFF-WMC | |
| § | | |
| THELINH TOM NGUYEN and § | | |
| MARY BLACK HEALTH SYSTEM LLC, § | | |
| Defendants. § | | |

## ORDER

This case was filed in the Spartanburg County Court of Common Pleas as an employment discrimination action. Plaintiff is represented by counsel. Defendant removed the case to this Court on the basis of federal question jurisdiction. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted as to Plaintiff's federal claims and that Plaintiff's remaining claims be remanded to state court. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 12, 2010, and Plaintiff filed her Objections to the Report on March 1, 2010. Defendant failed to file any objections. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

The facts of this case are summarized in detail in the Report, which is incorporated below. However, for purposes of providing a better context for consideration of Plaintiff's Objections, the Court provides this brief summary of those facts:

Plaintiff began her employment with Defendant Mary Black Health System LLC (Defendant Hospital) as a nurse in the Spartanburg hospital's Intensive Care Unit (ICU) on May 21, 2001. Her employment was terminated on June 6, 2006. According to Defendants, Plaintiff was fired because one of her patients, RH, who was under the primary care of Defendant Doctor Nguyen (Defendant Nguyen), lost her leg after it turned black and lost circulation during Plaintiff's shift the night of May 21, 2006.

During the course of Plaintiff's shift, RH's foot and leg changed color from light blue to black and the pulse in her leg deteriorated to an undetectable level. Plaintiff failed to notify Defendant Nguyen about RH's change in condition, though she did call RH's pulmonologist regarding RH's struggle with her ventilator. Upon arriving at the hospital the next morning, Defendant Nguyen was upset that he was not notified about RH's condition change during the night. Based on the condition of RH's leg, Defendant Nguyen had to amputate it.

After the incident, another nurse who was treating RH, Ms. Hill, contacted her supervisor regarding the nursing care provided to RH, which began a review process that led to a Root Cause Analysis (RCA) meeting to investigate RH's patient care. Meanwhile, on May 24, 2006, Defendant Nguyen wrote a formal letter of complaint to Ms. Dove, the Chief Nursing Officer, alleging that Plaintiff had failed to follow orders regarding the treatment of RH. The RCA meeting was held on June 2, 2006, and several nurse managers and hospital administrators attended. However, Defendant Nguyen was not present. Ultimately, according to Defendants, Ms. Flynn, the Assistant Director of Nursing, and Mr. Hays, the Vice President of Human Resources, determined that Plaintiff should be terminated for her conduct in treating RH, including her failure to notify Defendant Nguyen of significant changes in RH's condition that occurred during her shift. Plaintiff was informed of this decision on June 6, 2006.

Prior to the incident that led to Plaintiff's termination, Plaintiff had previous dealings with Defendant Nguyen. During one incident in February 2006, Plaintiff, acting under Defendant Nguyen's instructions, called him numerous times throughout the night to inform him of changes in the condition of a patient. At one point, Defendant Nguyen told Plaintiff not to call him anymore, and he hung up on her after declaring, "Women don't talk to me like that." Plaintiff filed a report about this incident, but she omitted from the report the fact that Defendant Nguyen said to her that "Women don't talk to me like that." Defendant Nguyen responded to the complaint against him with a letter in which he insisted that Plaintiff's allegations were "ridiculous."

In the Report, the Magistrate considered and rejected Plaintiff's claims under Title VII for gender discrimination, retaliation, and hostile work environment. Plaintiff objects to the Magistrate Judge's conclusions regarding her gender discrimination and retaliation claims.

3

A.    *Objections Related to Gender Discrimination Claim*

Plaintiff first challenges the Magistrate Judge's conclusion that there was no relationship between her termination and Defendant Nguyen's statement, "Women don't talk to me like that" made four months before she was fired. (Pl.'s Objections 2.) Plaintiff insists that Defendant Nguyen's comment was part of a series of incidents in which he made numerous sexist comments toward nurses and staff. Plaintiff also contends that the hospital administration was aware of complaints against Defendant Nguyen. Plaintiff argues,

> [i]n this context, the trier of fact could certainly draw the inference that Defendant Mary Black made a conscious decision to discriminate against its female nurses in favor of its male vascular surgeon and that the natural end result of this decision was to allow Dr. Nguyen his revenge against Ms. Brown by terminating her employment when he complained about her.

(Pl.'s Objections 3.)

In the Report, the Magistrate Judge rejected Plaintiff's gender discrimination claim, applying both the direct/indirect evidence approach and the burden-shifting, *McDonnell Douglas* approach. Plaintiff appears to be objecting only under the first approach to the Magistrate Judge's discussion regarding the direct or indirect evidence relevant to Defendant Hospital's discriminatory purpose.

> To overcome a summary judgment motion based upon this method of proof, the plaintiff "must produce direct evidence of a stated purpose to discriminate and/or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact." What is required is evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision.

*Brinkley v. Harbour Rec. Club*, 180 F.3d 598, 607 (4th Cir. 1999) (citations omitted). As discussed in the Report, Plaintiff's evidence of gender discrimination consists of the statement made by Defendant Nguyen,"Women don't talk to me like that."

4

Significantly, Defendant Nguyen was not involved in the decision to terminate Plaintiff. In fact, as noted in the Report, most of the people involved were women who were unaware of the statement made by Defendant Nguyen to Plaintiff (at least not until after the decision had been made to terminate Plaintiff). Thus, Plaintiff's evidence fails to bear directly on the contested employment decision, and, as discussed in greater detail in the Report, it is insufficient to create a genuine issue of material fact, which would preclude summary judgment.

  B.  *Objections related to Plaintiff's Retaliation Claim*

The Magistrate Judge rejected Plaintiff's retaliation argument, applying the *McDonnell Douglas* framework. First, the Magistrate Judge concluded that Plaintiff had failed to establish a prima facie case of retaliation because she had not engaged in protected activity in that the complaint filed against Defendant Nguyen failed to mention the allegedly sexist comment about women. Even assuming that Plaintiff's conduct in filing her complaint is construed as protected activity, the Magistrate Judge concluded that this protected activity was not connected to her firing because the two individuals who made the decision to fire Plaintiff, Mr. Hays and Ms. Flynn, were unaware of the comment Defendant Nguyen made to Plaintiff regarding women. Alternatively, assuming that Plaintiff has shown a prima facie case of retaliation, the Magistrate Judge concluded that Defendant Hospital has come forward with a legitimate, non-discriminatory reason for Plaintiff's termination: her failure to report significant changes in RH's condition to Defendant Nguyen and her false chart notation that a doctor was aware of the changes in RH's leg.

In her Objections, Plaintiff argues that Defendant Hospital fired her to pacify Defendant Nguyen following her complaint about him. Specifically, she contends that she engaged in protected activity simply by informing her supervisor of the comment Defendant Nguyen made to her about

5

women. Even assuming this is true and that Plaintiff engaged in protected activity, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate a sufficient connection between her complaint about Defendant Nguyen and her termination.

Plaintiff insists that a jury could infer that Defendant Hospital fired her because she complained about Defendant Nguyen. Specifically, Plaintiff points out that Nurse Hill, who was also assigned to the treatment of RH, was not terminated. However, as explained in the Report, Plaintiff's situation differs from Ms. Hill's in that RH's condition failed to significantly deteriorate during Ms. Hill's shift, and, furthermore, when confronted about her actions during the RCA, Ms. Hill, unlike Plaintiff, seemed very remorseful and willing to change her future behavior. (Report 24.) Plaintiff also objects to the Report by arguing that Ms. Flynn, one of the individuals who made the decision to fire Plaintiff, was aware of Plaintiff's complaint about Defendant Nguyen at the time she made her decision. To support her argument, Plaintiff cites an e-mail regarding a complaint made by another nurse about Defendant Nguyen's behavior in an incident unrelated to the events giving rise to Plaintiff's complaint. (Pl.'s Resp. in Opp'n to Summ. J. Ex. 9.) That e-mail exhibit actually consists of two e-mails. The first e-mail has the subject line "Dr. Nguyen" and it describes an incident in which Defendant Nguyen was rude to another nurse and argued with another doctor in front of a patient. Ms. Flynn was copied on that first e-mail. The second e-mail forwards the first e-mail and it notes that this is the second such complaint against Defendant Nguyen (the first was presumably made by Plaintiff). However, Ms. Flynn was not copied on the second e-mail. Thus, this exhibit fails to demonstrate that Ms. Flynn was aware that Plaintiff had made a complaint against Defendant Nguyen.

Plaintiff also cites Ms. Flynn's deposition to support her argument. During a line of questioning regarding Ms. Flynn's knowledge about complaints against Defendant Nguyen, Plaintiff's counsel showed Ms. Flynn the e-mail previously discussed, and the following exchange took place,

> PL'S COUNSEL: So you were aware of these complaints in February of 2006, correct?
> MS. FLYNN: I would have to say, based on the document, that I was.

(Pl.'s Resp. in Opp'n to Summ. J. Att. D. at 68.) However, as previously discussed, Plaintiff was not copied on the forwarded e-mail, which simply alluded to Plaintiff's complaint. Moreover, as part of this same line of questioning, when asked directly if she was aware of other serious complaints against Defendant Nguyen within 100 days prior to Plaintiff's firing, she answered, "Those I'm aware of now, but I was not aware of at the time [of Plaintiff's firing]." (Pl.'s Resp. in Opp'n to Summ. J. Att. D. at 66.) In short, the inference Plaintiff is asking the Court to make regarding Ms. Flynn's knowledge of previous complaints against Defendant Nguyen finds little support in the record.

Plaintiff also points to Ms. Flynn's efforts to get Dr. Clark, the pulmonologist, to sign a statement that Plaintiff ordered labs on RH without instructions from a doctor. Evidently, Ms. Flynn was going to cite to the labs' incident as further evidence to support Plaintiff's termination. However, Dr. Clark later admitted that he most likely gave a verbal request for the labs that Plaintiff ordered. Thus, this evidence was not used as a basis for terminating Plaintiff. Again, the inference that Plaintiff is asking the Court to make is too great to preclude summary judgment. Plaintiff is asking the Court to infer that Ms. Flynn was aware of Plaintiff's previous complaint against Defendant Nguyen (which there is no direct evidence to support) and, further, that based on her

knowledge of this complaint she made the decision to fabricate evidence to support the firing of Plaintiff in retaliation. Ms. Flynn's efforts regarding the lab work are more likely evidence of a thorough investigation into the incident involving RH rather than an attempt to find incriminating evidence against Plaintiff to support her termination because she complained about Defendant Nguyen.

Furthermore, Plaintiff fails to point to any evidence, direct or indirect, that Mr. Hays, the other individual involved in the firing decision, was aware of Plaintiff's complaint against Defendant Nguyen when he made the decision to terminate her.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** as to Plaintiff's federal claims. As there are only state law claims remaining in this case, the Court exercises its discretion under 28 U.S.C. § 1367(c)(3) and declines to exercise supplemental jurisdiction over those claims. Thus, Plaintiff's remaining state law claims are **REMANDED** to state court.

**IT IS SO ORDERED**.

Signed this 4th day of March, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE